IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE CONRAD,

                                                              OPINION AND ORDER

                Plaintiff,

                                                               11-cv-539-bbc

      v.

BELL, MOORE & RICHTER, S.C.,
BILL ABBOTT, BILL WILLIAMS,
MARK FUHRMAN, JESSICA ZERBST.
KELLY STOHR, CHANTELLE RINGE
and ABC INSURANCE COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Catherine Conrad is suing defendant Bell, Moore & Richter, S.C. and several lawyers employed at the firm. Plaintiff is asserting claims for malpractice and breach of contract, alleging that defendants failed to give her adequate legal advice regarding her intellectual property rights. Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen her complaint to determine whether it states a claim upon which relief may be granted. Having reviewed the complaint, I conclude that it must be dismissed for lack of subject matter jurisdiction.

      In every case filed in federal court, the first task is to determine whether subject

1

matter jurisdiction exists, even if none of the parties raise that issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."); DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants."). Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Malpractice and breach of contract are claims that arise under *state* law. Tallmadge v. Boyle, 2007 WI App 47, ¶ 15, 300 Wis. 2d 510, 522, 730 N.W.2d 173, 179; Abbott v. Marker, 2006 WI App 174, 295 Wis. 2d 636, 722 N.W.2d 162. Although defendants' representation in the prior proceedings may have involved some federal claims, that is not enough when plaintiff is asserting only state law claims in this case. See, e.g., Singh v. Duane Morris LLP, 538 F.3d 334 (5th Cir. 2008) (no federal question in legal malpractice action filed by former client against lawyer who had represented him in previous trademark infringement suit); Custer v. Sweeney, 89 F.3d 1156 (4th Cir.1996) (legal malpractice claim did not arise under federal law even though underlying lawsuit was brought under ERISA);

2

Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996) (district court did not have subject matter jurisdiction over legal malpractice claim of prisoner against attorney who had represented class of prisoners suing prison officials on Eighth Amendment claims).

With respect to § 1332, plaintiff does not include any allegations suggesting that the parties are citizens of any state other than Wisconsin, so diversity jurisdiction is not present either. Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered this 30th day of August, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3